UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY WILDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02853-JPH-MJD |
| | ) |
| GEORGIANNA BOLINGER, | ) |
| | ) |
| Defendant. | ) |

**SHOW CAUSE ORDER**

Mr. Wilder's complaint alleges that Defendant committed trespass by theft of property against him. Dkt. 1. The complaint requests a jury trial but does not identify the damages Mr. Wilder seeks. *Id.* The complaint also fails to identify the basis for this Court's jurisdiction.

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Court does not appear to have jurisdiction over Mr. Wilder's claims. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Wilder's complaint contains no jurisdictional allegations regarding either federal-question or diversity jurisdiction.  Accordingly, the Court cannot exercise jurisdiction under either 28 U.S.C § 1331 or 1332.

Mr. Wilder shall have **through December 17, 2021** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction.  In doing so, he must clearly show (1) the federal law giving rise to his claims, (2) that the parties are of diverse citizenship, or (3) another basis for the Court's jurisdiction.  If Mr. Wilder does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 11/17/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GREGORY WILDER
513 W. First St.
Marion, IN 46952